IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| KENNETH BRANT KICKLIGHTER, SR. and BOBBY CARLTON KICKLIGHTER, JR., ) ) ) ) Plaintiffs, ) ) v. ) ) BRIAN ADAMS and IREON MOORE, ) ) Defendants. ) | CV 623-016 |

**O R D E R**

Plaintiffs move for reconsideration of the Court's March 27, 2023 Order granting Defendants' motions to stay discovery pending resolution of their motions to dismiss. (Doc. no. 20.) Defendant Moore has filed opposition. (Doc. no. 28.) Courts have discretion to grant a motion for reconsideration, but it is an "extraordinary remedy" that should only be utilized when (1) the controlling law has changed, (2) new evidence has been discovered, or (3) there is a need to correct clear error or prevent manifest injustice. Raiford v. Nat'l Hills Exch., LLC, No. 1:11-cv-152, 2016 WL 2908412, at *2 (S.D. Ga. May 17, 2016) (Hall, C.J.); Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2002). A motion for reconsideration is not an opportunity "to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that a party could have presented before the original decision." Raiford, 2016 WL 2908412, at *2 (citation omitted).

Plaintiffs offer nothing to warrant reconsideration and rely on the same arguments initially made in opposition to the stay. No law has been changed, no new evidence has been presented, and no manifest injustice or clear error have resulted from the Court's Order. Indeed, "courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss." Clifton v. Jeff Davis Cnty., Georgia, No. 2:16-CV-108, 2017 WL 2604256, at *2 (S.D. Ga. June 15, 2017). Accordingly, the Court **DENIES** the motion for reconsideration. (Doc. no. 20.)

SO ORDERED this 24th day of April, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA