IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KENNETH BRANT KICKLIGHTER, SR. \
and BOBBY CARLTON KICKLIGHTER, \
JR., as the surviving children \
of BOBBY KICKLIGHTER, \
Deceased,

    Plaintiffs,

    v.        CV 623-016

BRIAN ADAMS, in his individual \
and professional capacity; and \
IREON MOORE, in her individual \
and professional capacity,

    Defendants.

**O R D E R**

Before the Court are Plaintiffs' motion to remand (Doc. 19), Defendant Adams's motion to dismiss (Doc. 4), and Defendant Moore's motion to dismiss (Doc. 9). For the reasons explained below, Plaintiffs' motion to remand is **DENIED** and Defendants' motions to dismiss are **GRANTED IN PART**.

**I. BACKGROUND**

On January 10, 2023, Plaintiffs initiated this action in the State Court of Tattnall County, Georgia. (Doc. 1-1.) Plaintiffs assert three claims against Defendants: (1) a 42 U.S.C. § 1983

claim for deprivation of life and liberty in violation of the Georgia constitution; (2) a wrongful death claim under Georgia law; and (3) a request for attorney's fees under O.C.G.A. § 13-6-11. (Id. ¶¶ 32-38, 39-41, 42-44.)

Defendant Adams filed a timely notice of removal on March 6, 2023, asserting the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' Complaint presents a federal question. (Doc. 1, at 2.) On March 7, 2023, Defendant Adams moved to dismiss and on March 14, 2023, Defendant Moore did the same. (Docs. 4, 9.) Plaintiffs responded to Defendants' motions on March 31, 2023 and April 4, 2023. (Docs. 16, 17.) Defendant Adams filed a reply on April 5, 2023. (Doc. 18.)

On April 5, 2023, Plaintiffs moved for remand, alleging Defendants failed to comply with the procedural requirements of removal because Defendant Moore did not indicate her consent to removal by filing her own notice of removal or signing Defendant Adams's notice. (Doc. 19, at 2.) Both Defendants responded in opposition to Plaintiffs' motion, and an amended notice of removal with Defendant Moore's signature was filed on April 13, 2023. (Docs. 21, 22, 23, 27.)

## II. LEGAL STANDARDS

The Court applies the following legal standards to the issues presented.

2

### A. Motion to Remand

Following removal of an action to a federal district court, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may — and in one case must — order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." Hernandez v. Seminole Cnty., 334 F.3d 1233, 1236-37 (11th Cir. 2003) (citation omitted). On a motion to remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand.") (citation omitted). In evaluating a motion to remand, the federal court makes its "determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

### B. Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule

of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Id. The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

4

enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule] 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. DISCUSSION

Before the Court are Plaintiffs' motion to remand (Doc. 19) and Defendants' motions to dismiss (Docs. 4, 9). The Court addresses these motions below.

**A. Motion to Remand**

28 U.S.C. § 1331 gives district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To decide whether a claim arises under federal law, a court must determine "whether a federal question appears on the face of the plaintiff's well-pleaded complaint." Resnick v. KrunchCash, LLC, 34 F.4th 1028, 1034 (11th Cir. 2022) (citations omitted). Furthermore, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiffs assert one claim under federal law, a Section 1983 claim, and two claims under Georgia law, a wrongful death claim and claim for attorney's fees. (Doc. 1-1, ¶¶ 32-44.) Plaintiffs' Section 1983 claim arises under the laws of the United States and presents a federal question "on the face of [their] well-pleaded complaint," so this Court has jurisdiction over that claim. Resnick, 34 F.4th at 1034 (citation omitted). As a result, the Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims because they "are so related to [their Section 1983 claim] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, the Court has subject matter jurisdiction over this case, and no Party contests this finding.

Instead, Plaintiffs seek remand based on a defect other than a lack of subject matter jurisdiction — specifically, a failure to comply with the unanimity rule under 28 U.S.C. § 1446. (Doc. 19, at 2, 4.) The unanimity rule requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action" when the "action is removed solely under section 1441(a)." 28 U.S.C. § 1446(b)(2)(A); Kerr v. McGuire, No. 4:20-cv-117, 2020 WL 3566773, at *1 (S.D. Ga. July 1, 2020).

The issue is whether Defendant Moore's failure to sign the notice of removal or otherwise explicitly express her consent to removal within the time to remove means Defendant Adams's notice of removal failed to comply with Section 1446. Plaintiffs contend

6

the Court should construe the remand statute to require a timely signature or express consent from all Defendants to establish unanimity and find any attempts by Defendants to cure their notice of removal untimely. (Doc. 19, at 4-5; Doc. 30, at 2-4, 7-8.) Defendants argue the law does not require all Defendants sign the notice of removal, and they have established there was unanimous consent at the time of removal. (Doc. 22, at 2-4; Doc. 27, at 1.) Defendants also argue Plaintiffs waived remand by actively participating in the proceedings in this Court. (Doc. 22, at 4-6; Doc. 27, at 1.)

While it is clear "removal procedure requires that all defendants join in the removal petition," the Eleventh Circuit has yet to lay out what is required to establish consent to removal, and there is a split among district courts in this Circuit as to what is required. Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970)[1] (citations omitted); Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995) ("To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)."); Clyde v. Nat'l Data Corp., 609 F. Supp. 216,

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981 are binding precedent in the Eleventh Circuit).

7

218 (N.D. Ga. 1985) (explaining the unanimity rule "does not require that every defendant actually sign the same petition," but "unanimity must be expressed to the court within the thirty[-]day period, whether by petition, written consent or oral consent" (citations omitted)); Jasper v. Wal-Mart Stores, Inc., 732 F. Supp. 104, 105 (M.D. Fla. 1990) ("[A]ll defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants."); Crawford v. Fargo Mfg. Co., 341 F. Supp. 762, 763 (M.D. Fla. 1972) ("There is authority to the effect that all defendants need not sign the original removal petition.") (citation omitted).

When interpreting a statute, the Court has an obligation to consider its plain language. Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1332 (11th Cir. 2005). Section 1446 requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action," but it does not state how parties must demonstrate their consent. 28 U.S.C. § 1446(b)(2)(A). As the plain language of the statute does not require all defendants to sign the notice of removal, the Court looks only to whether Defendants have carried their burden to establish all Defendants consented to removal at the time of removal. Williams, 269 F.3d at 1319 (explaining the removing party

carries the burden of establishing removal was proper at the time of removal).

As stated above, in evaluating a motion to remand, the federal court makes its "determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Crowe, 113 F.3d at 1538 (citation omitted). Here, there is sufficient evidence in the record proving all Defendants consented at the time the case was removed. First, while the notice of removal is stylized as only being made by Defendant Adams and only Defendant Adams's signature appears on the notice, it represents that "Defendant Moore consents to the removal." (Doc. 1, at 1-3.) Second, after Plaintiffs moved for remand, Defendant Moore filed two responses, which both indicated "[o]n February 15, 2023, counsel for Defendant Adams requested Moore's consent to the removal via email" and Defendant Moore's counsel "responded . . . and consented to removal" that same day. (Doc. 21, at 1; Doc. 27, at 1.) Defendant Moore's responses also indicate that on March 6, 2023, Defendant Adams sent a draft of the notice of removal to Defendant Moore, and she gave Defendant Adams permission to sign the notice of removal on her behalf. (Doc. 21, at 2; Doc. 27, at 1.) Third, Defendant Adams's counsel submitted an affidavit indicating that after she received consent from Defendant Moore to join the notice

9

of removal, Defendant Moore's counsel's signature line and bar number were inadvertently omitted. (Doc. 22-1, at 3.)

Based on the foregoing, the Court finds Defendants have carried their burden to establish there was unanimous consent to remove at the time of removal. Williams, 269 F.3d at 1319. Because the Court also has subject matter jurisdiction, this case is properly before the Court. Accordingly, remand is inappropriate at this juncture, and Plaintiffs' motion to remand (Doc. 19) is **DENIED**.

**B. Motions to Dismiss**

Defendants move to dismiss all three of Plaintiffs' claims. (Docs. 4, 9.) For the following reasons, Plaintiffs' Section 1983 claim is dismissed, and Plaintiffs' remaining state-law claims are remanded to state court.

1. Section 1983 Claim

Defendants move to dismiss Plaintiffs' Section 1983 claim on numerous grounds, including failure to state a claim upon which relief can be granted and qualified immunity. (Doc. 4, at 5-10; Doc. 9, at 4-9.) Before addressing Defendants' qualified immunity defense, the Court must first determine whether Plaintiffs have alleged a deprivation of a constitutional right. See Cnty. of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998).

In considering a motion to dismiss, the Court must determine whether the plaintiff has asserted a cognizable claim under Section

10

1983. See Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994). To state a claim for relief, Section 1983 litigants have the burden of alleging two elements with some factual detail: "(1) that they suffered a deprivation of 'rights, privileges or immunities secured by the Constitution and laws' of the United States," and (2) that a person "acting under color of law" caused the deprivation, either by an act or omission. Wideman v. Shallowford Cmty. Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987) (citation omitted). As to the first element, liability under Section 1983 is "appropriate solely for violations of *federally* protected rights." Almand v. DeKalb Cnty., 103 F.3d 1510, 1513 (11th Cir. 1997) (emphasis added) (citing Baker v. McCollan, 443 U.S. 137, 145-46 (1979)).

Here, Plaintiffs' Section 1983 claim is based on a "deprivation of life and liberty in violation of the *Georgia Constitution*." (Doc. 1-1, at 8-9 (emphasis added).) Plaintiffs do not allege a violation of a federal right.[2] Plaintiffs have failed to fulfill the pleading requirement for a Section 1983 claim

---

[2] The Court notes Plaintiffs raise arguments in response to Defendants' motions to dismiss about Substantive Due Process Rights under the Fourteenth Amendment of the United States Constitution and about Sections 1988 and 1989 providing for gaps in federal law in relation to their Section 1983 claim. (Doc. 16, at 7-8, 10; Doc. 17, at 9, 11-12.) However, Plaintiffs have not moved to amend their Complaint to include these allegations, so these allegations are not properly before the Court. See Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (holding that an argument raised for the first time in response to defendant's motion to dismiss, instead of in an amended complaint, was not properly raised before the court and would not be considered on appeal); Gibbons v. McBride, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015) ("A complaint may not be amended by briefs in opposition to a motion to dismiss." (citations omitted)).

by not alleging deprivation of an underlying federal right. See Wideman, 826 F.2d at 1032 (citation omitted). Therefore, dismissal of Plaintiffs' Section 1983 claim is appropriate, and the Court need not address Defendants' qualified immunity defense. Accordingly, Defendants' motions to dismiss (Docs. 4, 9) are **GRANTED IN PART**.

2. Remaining State Law Claims

Because the Court has original jurisdiction over Plaintiffs' Section 1983 claim, the Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims. See 28 U.S.C. § 1367(a). However,

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. § 1367(c). The Eleventh Circuit "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citation omitted). Because the only federal claim — Plaintiffs' Section 1983 claim — has been dismissed, the Court follows the Eleventh Circuit's directive and declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. As a

12

result, Plaintiffs' remaining claims will be remanded to the State Court of Tattnall County.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' motion to remand (Doc. 19) is **DENIED** and Defendants' motions to dismiss (Docs. 4, 9) are **GRANTED IN PART**. Accordingly, Plaintiff's Section 1983 claim is **DISMISSED**. As the remaining claims are state-law claims, the Clerk is **DIRECTED** to **REMAND** the remainder of this case to the State Court of Tattnall County, Georgia; **TERMINATE** all remaining motions and deadlines, if any; and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 13th day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA